UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | |
|---|---|
| JANIE SILVAGGIO, | |
| Plaintiff, | 2:05-cv-00128-RCJ-(RJJ) |
| vs. | REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| CLARK COUNTY, | (Plaintiff's Opposition to Rule 41-1 Dismissal (#28)) |
| Defendant. | |

This matter came before the Court for a hearing on Plaintiff's Motion in Opposition to Rule 41-1 Dismissal (#28). The Court has considered the Motion (#28), Defendant's Response (#23), Plaintiff's Reply (#24), and the testimony and arguments presented at the hearing.

**BACKGROUND**

This case arises from a civil action filed on February 2, 2005, by the Plaintiff, alleging age and race discrimination in violation of Title VII and the Age Discrimination in Employment Act. During discovery, Silvaggio's attorney moved to withdraw as counsel. The Court granted the motion to withdraw on May 30, 2006. Thereafter, for a period of almost one year, no action was taken by either party in the case. On April 9, 2007, the Court sent Silvaggio a Notice to Counsel Pursuant to Local Rule 41-1 (#18), indicating that the case would be dismissed for want of prosecution if no action was taken within 30 days. Plaintiff retained new counsel who then filed an Opposition to the Rule 41-1 Dismissal (#18).

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Moreover, Local Rule 41-1 provides that "[a]ll civil actions that have been pending in this court or more than nine (9) months without any proceeding of record having been taken may, after notice, be dismissed for want of prosecution on motion of counsel or by the court." LR 41-1.

Since dismissal is such a harsh penalty that should only be imposed in extreme circumstances, the Ninth Circuit has stated that a deciding court must consider the following five factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994). The Court now applies these factors to the case at hand to determine whether dismissal is appropriate.

**1. The Public's Interest in Expeditious Resolution of Litigation**

When considering the first factor, the Court must find unreasonable delay. In re Eisen, 31 F.3d at 1451. Here, Silvaggio took no action in her case for a period of almost one year. Silvaggio's counsel argues that during this time Silvaggio was a pro se litigant; therefore, she should be held to a lower standard when prosecuting a case. This is incorrect. It is a plaintiff's responsibility to move the case toward disposition on the merits, In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996), and a pro se litigant must follow the same rules of procedure that govern other litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986). The Court finds that Silvaggio's inaction has unreasonably delayed this case.

**2. The Court's Need to Manage its Docket**

This factor is typically reviewed in conjunction with the first factor as "a housekeeping

measure related to the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportation Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980). Similar to factor one above, the second factor weighs in favor of dismissal because the Court must efficiently manage its docket and this cannot occur due to Silvaggio's unreasonable delay.

**3. The Risk of Prejudice to the Defendant**

For want of prosecution to be prejudicial to the defendant, it must "threaten to interfere with the rightful decision of the case." Rubin v. Belo Broadcasting Corp. (In re Rubin), 769 F.2d 611, 618 (9th Cir. 1985). Moreover, a defendant may be prejudiced by a plaintiff's noncompliance by undue delay. Nealey, 662 F.2d at 1280. The Ninth Circuit has interpreted Rule 41(b) "to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Ballew v. Southern Pacific Co., 428 F.2d 787 (9th Cir. 1970)); see also States Steamship Company v. Philippine Air Lines, 426 F.2d 803 (9th Cir. 1970). The Ninth Circuit has, with consistency, "held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson, 542 F.2d at 524 (citing Alexander v. Pacific Maritime Association, 434 F.2d 281 (9th Cir. 1970)); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968). Injury is assumed when an unreasonable delay exists. States Steamship Company, 426 F.2d at 804. In addition, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987) (citing Nealey, 662 F.2d at 1280).

In the present matter, Silvaggio's inactivity in the case encompassed a period of 19 months, from October, 2005 to May, 2007. Plaintiff's only excuse for her default is that she is a pro se litigant and should be "afforded great leeway." Pl.'s Mot. (#20) at 5. Plaintiff's excuse for inaction is not a sufficient excuse. Silvaggio's want of prosecution has substantially and unreasonably delayed the matter causing Defendants to incur substantial costs and be substantially prejudiced.

**4. The Public Policy Favoring Disposition of Cases on Their Merits**

The Ninth Circuit holds that "public policy favoring disposition of cases on their merits strongly counsels against dismissal." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). However, resolution on the merits cannot occur if the case is stalled or unreasonably delayed by a plaintiff's failure to comply with discovery obligations. Id. at 1228. If the plaintiff is the party causing the delay, dismissal is the appropriate sanction, because it is the plaintiff's responsibility to move the case toward disposition on the merits. In re Exxon Valdez, 102 F.3d at 433.

In the present matter, Silvaggio's delay has stalled this case. Public policy favors the disposition of cases on the merits but it also favors the just and speedy determination of every action. FED. R. CIV. P. 1. The Court will not allow Silvaggio's irresponsibility to frustrate the Court's attempt to facilitate the disposition of this case on the merits. Therefore, although public policy disfavors dismissal in most circumstances, here, public policy supports the dismissal of this case due to Plaintiff's unreasonable delay.

**5. The Availability of Less Drastic Sanctions**

In a determination of whether to dismiss a case for want of prosecution, the reviewing court "should first consider less drastic alternatives, but need not exhaust them all before finally dismissing a case." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). The Ninth Circuit, in assessing whether a district court has properly considered less drastic sanctions must consider the following questions:

> (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

Malone, 833 F.2d at 132.   Some of these less drastic sanctions include:

> (1) a warning, (2) a formal reprimand, (3) placing the case at the bottom of the calendar, (4) a fine, (5) the imposition of costs or attorney fees, (6) the temporary suspension of the culpable counsel from practice before the court, . . . (7) dismissal of the suit unless new counsel is secured [,] . . . (8) preclusion of claims or defenses, (9) or the imposition of fees and costs upon plaintiff's counsel. . . .

1  Id. at 132 n.1 (citation omitted, enumeration added). These alternative sanctions would not be
2  appropriate here because they are too lenient considering the 19-month delay.
3       The intent of conducting a trial expeditiously is to "limit the possibilities that long delay
4  will impair the ability of an accused to defend himself." United States v. Ewell, 383 U.S. 116,
5  120 (1966). In light of the circumstances, and the prejudice that Defendant has experienced due
6  to the 19-month delay, the Court finds that less drastic sanctions would not be appropriate.
7  Plaintiff was given ample opportunities to comply with the discovery rules but she continued in
8  her disobedient and obstinate behavior; therefore it will be the Court's recommendation to
9  dismiss the case with prejudice.

## CONCLUSION

11      After analyzing the Ninth Circuit factors used to determine whether to dismiss a case for
12 lack of prosecution, the Court finds that this case should be dismissed. Henderson, 779 F.2d at
13 1423. Silvaggio was given ample opportunities to prosecute her case but she failed to do so;
14 therefore, it is the Court's recommendation to dismiss the case with prejudice.

## RECOMMENDATION

17      Based on the foregoing and good cause appearing therefore,
18      IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the
19 Plaintiff's Motion in Opposition to Rule 41-1 Dismissal (#28) be **DENIED.**
20      IT IS FURTHER RECOMMENDED that Plaintiff's Civil Rights Complaint be dismissed
21 under Federal Rule of Civil Procedure 41(b) and LR 41-1 for failure to prosecute.

## NOTICE

23      Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must
24 be in writing and filed with the Clerk of the Court on or before March 25, 2008**. The Supreme
25 Court has held that the courts of appeal may determine that an appeal has been waived due to the
26 failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This
27 circuit has also held that (1) failure to file objections within the specified time and (2) failure to
28 properly address and brief the objectionable issues waives the right to appeal the District Court's

1  order and/or appeal factual issues from the order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d
2  1153, 1157 (9th Cir. 1991); <u>Britt v. Simi Valley United Sch. Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983).
3      DATED this  12th  day of March, 2008.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge