# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JANIE SILVAGGIO,                              )
                                             )
                   Plaintiff,                )
                                             )          2:05-cv-00128-RCJ-RJJ
            vs.                              )
                                             )          **ORDER**
                                             )
CLARK COUNTY,                                )
                                             )
                   Defendant.                )
                                             )
_____)

This case arises out of alleged violations of Title VII and the Age Discrimination in Employment Act. On March 31, 2008, this Court dismissed the complaint with prejudice. (Order, ECF No. 33). Plaintiff now moves to seal the complaint, arguing that she "has been subjected to a pattern and practice of continued denial of employment, based upon the existence of the instant action." (Mot. Seal, ECF No. 36, at 4). Specifically, Plaintiff alleges that "[t]his . . . action and the circumstances which gave rise to it have become widely accessible via internet search engines such as Google . . . . If this [] action is not sealed, the Plaintiff fears that this pattern and practice of denial of employment based upon this case will continue, effectively stifling the Plaintiff's ability to move forward with her career. This situation warrants sealing in this case." (*Id.*). The Court disagrees. For the reasons stated herein, the motion to seal is denied.

## I.   LEGAL STANDARD

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac.*

*Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

Parties "who seek to maintain the secrecy of documents attached to dispositive motions must

meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447

F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in

having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see*

*also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's

interest in understanding the judicial process). Any sealing request must be narrowly tailored. To

the extent any confidential information can be redacted while leaving meaningful information

available to the public, the Court must order that redacted versions be filed rather than sealing

entire documents. *Foltz*, 331 F.3d at 1137.

      The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the

public's interest in disclosure and justify sealing court records exist when such 'court files might

have become a vehicle for improper purposes,' such as the use of records to gratify private spite,

promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447

F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). On the other

hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its

records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

      A party's burden to show compelling reasons for sealing is not met by general assertions

that the information is "confidential" or a "trade secret," but rather the movant must "articulate

compelling reasons *supported by specific factual findings*." *Id.* at 1178 (emphasis added). The

Ninth Circuit has expressly rejected efforts to seal documents under the "compelling reasons"

standard where the movant makes "conclusory statements about the contents of the documents–

that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Moreover, the movant must make that required particularized showing for each document that it seeks to seal. *See, e.g.*, *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## II.   ANALYSIS

Plaintiff contends that her "privacy interests and her ability to make a living outweigh the public right of access to these case records." (Mot. Seal, ECF No. 36, at 4). This is incorrect. At bottom, Plaintiff seeks to bolster her employment prospects by preventing prospective employers from discovering that she filed the instant lawsuit. This is not a compelling reason to seal this record. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). The motion to seal (ECF No. 36) is therefore denied.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the motion to seal (ECF No. 36) is DENIED.

IT IS SO ORDERED.

Dated: June 2, 2014.

_____
ROBERT C. JONES
United States District Judge